UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2006-AA1, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT,**

        **Plaintiff,**

v.                                                                                          CASE No.

**KEVIN M. BURKE, CAROL A. BURKE, PAULA DUTRA-BURKE and HSBC BANK USA, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF NOMURA ASSET ACCEPTANCE CORPORATION, ALTERNATIVE LOAN TRUST SERIES 2006-S3,**

        **Defendants**
_____/

**COMPLAINT TO FORECLOSE MORTGAGE**

I.

INTRODUCTION

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates, Series FHAMS 2006-AA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing

Agreement ("BoNY Mellon") files this complaint to foreclose a certain mortgage given by the Defendants, Kevin M. Burke and Carol A. Burke, encumbering their residence at 16-18 Ernest Avenue, Warwick, Rhode Island. The Defendants defaulted on their obligation to make monthly payments under the mortgage and note which it secures and BoNY Mellon now seeks to judicially foreclose the mortgage pursuant to §34-27-1 and §34-27-3.2(d)(5).

II.

PARTIES

1. Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates, Series FHAMS 2006-AA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement ("BoNY Mellon"), is a state chartered bank organized and existing under the laws of New York whose address is 101 Barclay Street, New York, NY 10286.

2. Defendant, Kevin M. Burke, is an individual who, upon information and belief, resides at 150 Shawomet Avenue, Warwick RI 02889.

3. Defendant, Carol A. Burke, is an individual who, upon information and belief, resides at 15 Center Court, Warwick RI 02889.

4. Defendant, Paula Dutra-Burke is an individual who, upon information and belief, resides at 150 Shawomet Avenue, Warwick RI 02889.

5. Defendant, HSBC Bank USA, N.A, as Trustee for the Registered Holders of Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-S3, is a national bank with principal offices at 452 Fifth Avenue, New York, NY 10018 and who maintains a

mailing address of c/o Ocwen Loan Servicing, LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

III.

JURISDICTION AND VENUE

6.      The Court has original jurisdiction over this action involving BoNY Mellon's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy is more than $75,000.00 in that the outstanding balance due and owing on the mortgage which BoNY Mellon now seeks to foreclose exceeds $170,000.00.

7.      Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

IV.

FACTS

8.      The Defendants, Kevin M. Burke and Carol A. Burke (the "Burkes"), acquired title to the Property known as 16-18 Ernest Avenue, Warwick, Rhode Island (the "Property") by Warranty Deed dated December 31, 1999, and recorded with the City of Warwick Land Evidence Records (the "LER") on May 2, 2000, in Book 3355, Page 1.

9.      The Burkes secured a mortgage loan from First Horizon Home Loan Corporation on January 18, 2006 (the "Loan").

10.     This mortgage loan is evidenced by an Adjustable Rate Note in the original principal amount of $180,000.00 dated January 18, 2006, given by the Burkes to First Horizon Home Loan Corporation (the "Note"). The Note contains a single indorsement in blank by First Horizon Home Loan Corporation. BoNY Mellon is the holder of the Note and it or its designated

3

document custodian has physical possession of the Note. A true and accurate copy of the Note is attached hereto as Exhibit 1.

11. The Note is secured by a mortgage given by the Burkes to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for First Horizon Home Loan Corporation encumbering the Property in the original principal amount of $180,000.00 dated January 18, 2006 and recorded with the LER on the same day in Book 6045, Page 27 (the "Mortgage"). A certified copy of the Mortgage is attached hereto as Exhibit 2.[1]

12. MERS, as nominee for First Horizon Home Loan Corporation, assigned the Mortgage to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates, Series FHAMS 2006-AA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement by assignment dated July 2, 2013, and recorded with the LER on July 15, 2013, in Book 8000, Page 149. A certified copy of the Assignment is attached hereto as Exhibit 3.

13. On August 15, 2013, the Burkes executed a Quit Claim Deed granting the Property to Kevin M. Burke which was recorded with the LER on August 27, 2013, in Book 8033, Page 113.

14. On August 23, 2013, Kevin M. Burke executed a Quit Claim Deed granting the Property to Kevin M. Burke and Paula Dutra-Burke as tenants by the entirety which was recorded with the LER on August 27, 2013 in Book 8033, Page 119.

---

[1] As pleadings are filed electronically, the exhibits referred to herein are copies of certified documents, the loan number has been redacted for the borrower's protection, however, undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

15. Title to the Property is further encumbered by a mortgage given by the Burkes to Mortgage Electronic Registration Systems, Inc. as nominee for First Horizon Home Loan Corporation dated January 18, 2006, in the principal amount of $36,000.00, and recorded with the LER in Book 6045, Page 49 and subsequently assigned by MERS, as nominee for First Horizon Home Loan Corporation to HSBC Bank USA, N.A, as Trustee for the Registered Holders of Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-S3 by assignment dated April 25, 2014 and recorded with the LER on May 28, 2014, in Book 8181, Page 92.

16. Under the terms of the Note and Mortgage, the Burkes were obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the February 1, 2036, maturity date of the Loan.

17. The Burkes have defaulted in their monthly payment obligations due under the Note and Mortgage and their mortgage account with Nationstar Mortgage, LLC ("Nationstar") as servicer of the Loan for BoNY Mellon is now due for the November 1, 2013, payment together with all subsequently accrued but unpaid installments.

18. On August 29, 2014, The BoNY Mellon, through its attorneys, Korde & Associates, P.C., sent the Burkes Notices of Default and Mortgagee's Right to Foreclose in English and Spanish via certified and first class mail at the Property address pursuant to R.I. Gen. Laws § 34-27-3.1. True and accurate copies of said Notices are attached hereto as Exhibit 4.

19. The default set forth in the August 29, 2014 Notices of Default was never cured. A true and accurate copy of the payment history maintained by Ocwen in connection with the subject mortgage loan is attached hereto as Exhibit 5.

20. On October 14, 2014, The BoNY Mellon, through its attorneys, Korde & Associates, P.C., sent the Burkes Notices of Acceleration via certified and first class mail. True and accurate copies of said Notices are attached hereto as Exhibit 6.

## COUNT I

## FOR DECLARATORY JUDGMENT

21. BoNY Mellon re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-20 above.

22. BoNY Mellon seeks a judgment from this Court declaring that (a) The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates, Series FHAMS 2006-AA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendants, Kevin M. Burke and Carol A. Burke, are in default of their obligations set forth in the Note and Mortgage.

## COUNT II

## FOR DECREE BARRING ALL RIGHTS OF REDEMPTION
## AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

23. BoNY Mellon re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-20 above.

24. BoNY Mellon seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which any or all of the Defendants may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, BoNY Mellon, free of any and all right, title, interest or claim each of the Defendants to this action except such on-going real estate taxes and municipal obligations as my be lawfully assessed to or in connection with such Property by the City of Warwick pursuant to applicable law.

## COUNT III

## FOR AN ORDER OF SALE

25. BoNY Mellon re-alleges and incorporates by reference the allegations contained in paragraphs 1-20 above.

26. In the alternative to the relief sought in Count II hereof, BoNY Mellon seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing BoNY Mellon to sell the property at public sale or by such other means and subject to such terms and conditions as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interests or claims of each of the several Defendants to this action except such on-going real estate taxes and other municipal obligations as my be lawfully assessed to or in connection with such Property by the Town of West Warwick pursuant to applicable law. In relation thereto, BoNY Mellon further seeks and order allowing it to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such private sale.

WHEREFORE, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates, Series

FHAMS 2006-AA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement requests that the Court:

(a) Given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1, BoNY Mellon prays that in the event Kevin M. Burke and Carol A. Burke should appear in this action at any time prior to the entry of a default against them, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendants an opportunity to submit a completed application for loss mitigation to BoNY Mellon and for BoNY Mellon to render a determination of Defendants' eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendants should affirmatively decline in a pleading or other document filed with the Court that they do not wish to submit such an application;

(b) Issue a decree determining that the Defendants, Kevin M. Burke and Carol A. Burke, are in default of their obligations under the terms of the Note and Mortgage;

(c) Issue a decree determining that the Plaintiff, The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates, Series FHAMS 2006-AA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement, is the present holder of the note and the present holder of the mortgage and entitled to enforce the default remedies provided for therein;

(d) Issue a decree forever barring each of the Defendant's exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, BoNY Mellon, free of any and all right, title, interest or claim of

each of the Defendants or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Warwick Land Evidence Records;

(e)     In the alternative to the relief sought in the preceding paragraph (d), issue an order authorizing and directing the Plaintiff to sell the Property at public sale or by such other means as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of each of the Defendants and otherwise free of any and all other rights, title, interest or claim of each of the Defendants to this action or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Warwick Land Evidence Records;

(f)     Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such private sale; and

(g)     Grant such other and further relief as the Court deems just and proper.

November 29, 2016                    Respectfully Submitted,

The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates, Series FHAMS 2006-AA1, by First Horizon Home Loans, a division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement,
By its Attorney,

/s/ Susan W. Cody
Susan W. Cody, Esq., RI# 6150
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 323)
scody@kordeassociates.com